HDM:PP/GN
F. #2019R01654/OCDETF# NY-NYE-0880

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MARIA SUSANA PUERTA FIGUEROA,
████████████████████████████████ and
████████████,

    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T
1:21-cr-00091 (BMC)(SJB)

Cr. No. _____
(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1),
1956(a)(1)(A)(i), 1956(a)(1)(B)(i),
1956(h), 1957(a), 2 and 3551 et seq.; T.
21, U.S.C., §§ 841(a)(1), 846 and
853(p))

THE GRAND JURY CHARGES:

COUNT ONE
(Money Laundering Conspiracy)

1. In or about and between May 2020 and December 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARIA SUSANA PUERTA FIGUEROA, ████████████████████ ████████ and ██████████████████, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, including deposits, transfers and withdrawals of funds and monetary instruments, which in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section

1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWO
(Money Laundering Conspiracy)

2. In or about and between May 2020 and December 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARIA SUSANA PUERTA FIGUEROA, ███████████████, ███████ and ███████████████, together with others, did knowingly and intentionally conspire to engage in one or more financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions; in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNTS THREE THROUGH FIVE
(Money Laundering)

3. On or about the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARIA SUSANA PUERTA FIGUEROA, ███████████████████████████ and ███████████████, together with others, did knowingly and intentionally engage in

one or more financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i):

| COUNT | DEFENDANT | APPROXIMATE DATE | APPROXIMATE AMOUNT |
|---|---|---|---|
| THREE | ■■■ | ■■■ | ■■■ |
| FOUR | MARIA SUSANA PUERTA FIGUEROA | December 9, 2020 | $78,390 |
| FIVE | ■■■ | ■■■ | ■■■ |

(Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 2 and 3551 et seq.)

3

## COUNTS SIX THROUGHT EIGHT
(Money Laundering)

4.  On or about the dates set forth below, all dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MARIA SUSANA PUERTA FIGUEROA, ███████████████████ and ███████████████, together with others, did knowingly and intentionally engage in one or more financial transactions, to wit: deposits, withdrawals and transfers of funds and monetary instruments, in and affecting interstate and foreign commerce, by, through and to one or more financial institutions, in criminally derived property that was of a value greater than $10,000 and that was derived from specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1) and 846:

| COUNT | DEFENDANT | APPROXIMATE DATE | APPROXIMATE AMOUNT |
|---|---|---|---|
| SIX | ███████ | ███████ | ███████ |
| SEVEN | MARIA SUSANA PUERTA FIGUEROA | December 9, 2020 | $78,390 |
| ███ | ███████ | ███████ | ███████ |

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

5.  The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person

convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

5

Case 1:21-cr-00091-BMC-SJB *SEALED*   Document 1   Filed 02/17/21   Page 6 of 6 PageID #: 6

F.#: 2019R01654/ OCDETF# NY-NYE-0880

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

## CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

MARIA SUSANA PUERTA FIGUEROA,
and ██████

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 982(a)(1), 982(b)(1), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(h), 1957(a), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 846, and 853(p))

_A true bill._

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 ____

_____
Clerk

Bail, $ _____

*Philip Pilmar and Genny Ngai, Assistant U.S. Attorneys (718) 254-6106/6393*

6